**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. _____

**JOE BROTHERTON, on behalf of himself and all similarly situated persons,**

    Plaintiff,

v.

**CONSOLIDATED RESOURCE, LLC,**

    Defendant

**ORIGINAL CLASS/COLLECTIVE ACTION COMPLAINT**

Joe Brotheron ("Brotherton" or "Plaintiff Brotherton") brings this action individually and on behalf of all oilfield workers (hereinafter "Plaintiff and the Putative Class Members") who worked for Defendant Consolidated Resource, LLC (hereinafter "Consolidated"), and were paid on an hourly basis but no overtime pay, seeking all available relief, including compensation, liquidated damages, statutory penalties, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, *et seq.* and the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the CWCA and the CMWA will be referred to collectively as the "Colorado Acts").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his Colorado Acts claims are asserted as a class action under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, and a class action pursuant to the Colorado Acts and FED. R. CIV. P. 23, to recover overtime wages.

2. Plaintiff and the Putative Class Members are those oilfield workers who worked for Consolidated and were paid on an hourly basis but did not receive overtime for all hours worked over twelve (12) in each day and/or forty (40) in each workweek.

3. Consolidated improperly classified Plaintiff and the Putative Class Members as independent contractors.

4. Although Plaintiff and the Putative Class Members routinely work (and worked) in excess of twelve (12) hours per day and/or forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of twelve (12) hours per day and/or forty (40) hours per workweek.

5. The decision by Consolidated not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6. Consolidated knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of twelve (12) hours per day and/or forty (40) hours per workweek.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the Colorado Acts.[1] Specifically, Plaintiff and the Putative Class Members performed routine and manual labor type job duties in the oilfield.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Lederman v. Frontier Fire Protection, Inc.*, 685 F.3d 1151, 1156 (10th Cir. 2012).

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the Colorado Acts as a class action pursuant to FED. R. CIV. P. 23.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 classes are certified as defined herein, and the Plaintiff be designated Class Representative.

## II.
## THE PARTIES

11. Brotherton worked for Consolidated within the meaning of the FLSA and the Colorado Acts within the relevant time period. Plaintiff Brotherton did not properly receive overtime compensation for all hours worked in excess of twelve (12) hours per day and/or forty (40) hours per workweek.[2]

12. The Putative Class Members are those oilfield workers who worked for Consolidated and have been subjected to the same illegal pay system under which Plaintiff Brotherton worked and was paid.

13. Consolidated Resource LLC ("Consolidated") is a Nevada limited liability company, having its principal place of business in Greeley, Colorado. Consolidated may be served through its registered agent for service: **Northwest Registered Agent, LLC, 1942 Broadway Street, Suite 314C, Boulder, Colorado 80302.**

---

[2] The written consent of Joe Brotherton is attached hereto as Exhibit "A."

*Original Class/Collective Action Complaint* Page 3

## III.
## JURISDICTION & VENUE

14. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

15. This Court has supplemental jurisdiction over the additional Colorado Acts claims pursuant to 28 U.S.C. § 1367(a).

16. This Court has personal jurisdiction over Consolidated because Consolidated maintains its corporate headquarters within this District.

17. Venue is proper in the District of Colorado because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, Consolidated maintains corporate offices in Boulder, Colorado, which is located in this District.

19. Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

20. Consolidated has been operating in the oil and gas industry for over one hundred years, and provides complete facilities, pipeline, environmental and roustabout services to the oil and natural gas industry.[3]

21. To provide their services, Consolidated employed numerous oilfield workers who were misclassified as independent contractors—including the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the oilfield.

---

[3] https://www.conresllc.com.

22. Plaintiff Brotherton worked for Consolidated as a Rig Welder from approximately March 2017 until May 2017.

23. Consolidated paid Plaintiff and the Putative Class Members on an hourly basis but did not pay overtime compensation at the required rate of time-and-one-half for all hours worked over twelve (12) each day and/or forty (40) each workweek.

24. Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are not exempt from overtime, Consolidated did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

25. Plaintiff and the Putative Class Members' primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites in Colorado, Wyoming, Pennsylvania, Ohio and throughout the United States.

26. Upon information and belief, Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Consolidated and/or its clients.

27. Upon further information and belief, Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Consolidated and/or its clients.

28. Virtually every job function was pre-determined by Consolidated and/or its clients, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

29. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

30. Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

31. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

32. Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

33. Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

34. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Consolidated or its customers.

35. Consolidated determined the hours Plaintiff and the Putative Class Members worked.

36. Consolidated set Plaintiff and the Putative Class Members' pay and controlled the number of days (and hours) they worked.

37. Consolidated set all employment-related policies applicable to Plaintiff and the Putative Class Members.

38. Consolidated maintained control over pricing and marketing. Consolidated also chose equipment and product suppliers.

39. Consolidated owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

40. Consolidated had the power to hire and fire Plaintiff and the Putative Class Members.

41. Consolidated made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members an hourly wage with no overtime pay.

42. Consolidated reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided tools and equipment that Plaintiff and the Putative Class Members used.

43. Plaintiff and the Putative Class Members did not employ their own workers.

44. Plaintiff and the Putative Class Members worked continuously for Consolidated on a permanent full-time basis.

45. Consolidated, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, Consolidated paid operating expenses like rent, payroll, marketing, insurance, and bills.

46. Plaintiff and the Putative Class Members relied on Consolidated for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the hours assigned by Consolidated, performed duties assigned by Consolidated, worked on projects assigned by Consolidated, and worked for the benefit of Consolidated and its customers.

47. Consolidated paid Plaintiff and the Putative Class Members on a weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of days (and hours) they were allowed to work, which was controlled by Consolidated and/or its customers.

48. Consolidated improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class

Members were not in business for themselves. Instead, they were economically dependent upon Consolidated for their work.

49. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

50. Plaintiff and the Putative Class Members worked long hours. Specifically, these individuals regularly worked more than 12 hours in a day, and more than 84 hours in a week.

51. The FLSA and the Colorado Acts mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

52. Consolidated did not pay any overtime at all for work in excess of twelve (12) hours per day and/or forty (40) hours per week.

53. Consolidated denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of twelve (12) hours per day and/or forty (40) hours per week but never received overtime compensation.

54. Consolidated applied this pay practice despite clear and controlling law that states that the duties which were performed by Plaintiff and the Putative Class Members consisted of **_non-exempt_** work.

55. Accordingly, Consolidated's pay policies and practices violated (and continue to violate) the FLSA and the Colorado Acts.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

56. All previous paragraphs are incorporated as though fully set forth herein.

57. The FLSA Collective is defined as:

**ALL OILFIELD WORKERS WHO WORKED FOR CONSOLIDATED RESOURCE LLC, AT ANY TIME FROM SEPTEMBER 11, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

58. At all times hereinafter mentioned, Consolidated has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

59. At all times hereinafter mentioned, Consolidated has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

60. At all times hereinafter mentioned, Consolidated has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

61. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Consolidated, these individuals provided services for Consolidated that involved interstate commerce for purposes of the FLSA.

62. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

63. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Consolidated and were engaged in oilfield services that were directly essential to the production of goods for Consolidated and related oil and gas companies. 29 U.S.C. § 203(j).

64. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

65. In violating the FLSA, Consolidated acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

66. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 57.

67. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Consolidated.

**B.   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

68. All previous paragraphs are incorporated as though fully set forth herein.

69. Consolidated violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

70. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Consolidated's acts or omissions as described herein; though Consolidated is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

71. Moreover, Consolidated knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

72. Consolidated knew or should have known its pay practices were in violation of the FLSA.

73. Consolidated is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

74. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Consolidated to pay overtime in accordance with the law.

75. The decision and practice by Consolidated to not pay overtime was neither reasonable nor in good faith.

76. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    FLSA COLLECTIVE ACTION ALLEGATIONS**

77. All previous paragraphs are incorporated as though fully set forth herein.

78. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

79. Other similarly situated employees have been victimized by Consolidated's patterns, practices, and policies, which are in willful violation of the FLSA.

80. The FLSA Collective Members are defined in Paragraph 57.

81. Consolidated's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

82. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

83. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

84. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

85. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

86. Consolidated employed a substantial number of similarly situated hourly workers since September 11, 2014. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

87. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Consolidated will retain the proceeds of its rampant violations.

88. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

89. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 57 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of the Colorado Acts)**

### A.   COLORADO ACTS COVERAGE

90. All previous paragraphs are incorporated as though fully set forth herein.

91.     The Colorado Acts Class is defined as:

**ALL OILFIELD WORKERS WHO WORKED FOR CONSOLIDATED RESOURCE LLC, IN COLORADO AT ANY TIME DURING THE APPLICABLE STATUTE OF LIMITATIONS, AND WERE PAID HOURLY BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER TWELVE IN ANY DAY OR FORTY IN ANY WORKWEEK ("Colorado Acts Class" or "Colorado Class Members").**

92.     At all times hereinafter mentioned, Consolidated has been an employer within the meaning of the Colorado Acts, C.R.S. § 8-4-101, *et seq.* and C.R.S. § 8-6-101, *et seq.*

93.     At all times hereinafter mentioned, Plaintiff and the Colorado Class Members have been employees within the meaning of the Colorado Acts, C.R.S. § 8-4-101, *et seq.* and C.R.S. § 8-6-101, *et seq.*

94.     Plaintiff and the Colorado Class Members were or have been employed by Consolidated and have been covered employees entitled to the protections of the Colorado Acts and were **_not exempt_** from the protections of the Colorado Acts.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE COLORADO ACTS**

95.     All previous paragraphs are incorporated as though fully set forth herein.

96.     The Colorado Acts require that employees receive "time and one-half" overtime premium compensation for hours worked over twelve (12) per day and/or forty (40) per week.

97.     Plaintiff Brotherton and other Colorado Class Members have not been exempt from receiving overtime benefits under the Colorado Acts.

98.     Plaintiff Brotherton and other Colorado Class Members worked more than twelve (12) hours per day and/or forty (40) hours per workweek during times relevant to this complaint, however, Consolidated violated the Colorado Acts by failing to pay Plaintiff and other class members overtime premium for all hours worked over twelve (12) per day and/or forty (40) per week. As a result of the foregoing conduct, Consolidated has failed to pay wages due under the FLSA and Colorado Acts thereby violating, and continuing to violate, the CWCA.

99. Plaintiff Brotherton and the Colorado Class Members have suffered damages and continue to suffer damages as a result of Consolidated's acts or omissions as described herein; though Consolidated is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages. Plaintiff hereby demands payment on behalf of himself and all Colorado Acts Class Members in an amount sufficient to provide compensation for all overtime hours worked. This demand for payment is continuing and is made on behalf of any current Colorado Acts Class Members whose employment terminates at any time in the future. Such payment can be made care of undersigned counsel at the listed address.

100. In violating the Colorado Acts, Consolidated acted willfully, without a good faith basis and with reckless disregard of clearly applicable Colorado law.

101. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Colorado Acts, is defined in Paragraph 91.

102. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Consolidated.

### C. COLORADO ACTS CLASS ALLEGATIONS

103. Plaintiff Brotherton brings his Colorado Acts claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Consolidated to work in Colorado.

104. Class action treatment of Plaintiff Brotherton's Colorado Acts claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

105. The number of Colorado Class Members is so numerous that joinder of all class members is impracticable.

106. Plaintiff Brotherton is a member of the Colorado Acts Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

107. Plaintiff Brotherton and his counsel will fairly and adequately represent the class members and their interests.

108. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

109. Accordingly, the Colorado Acts Class should be certified as in Paragraph 91.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Consolidated as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 57 and requiring Consolidated to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the Colorado Acts Class as defined in Paragraph 91, and designating Plaintiff Brotherton as Representative of the Colorado Acts Class;

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e. For an Order pursuant to Section 16(b) of the FLSA finding Consolidated liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

f. For an Order pursuant to the Colorado Acts awarding Plaintiff Brotherton and the Colorado Acts Class Members unpaid overtime, statutory penalties and other damages allowed by law;

g. For an Order awarding the costs and expenses of this action;

h. For an Order awarding attorneys' fees;

i. For an Order awarding pre-judgment, post-judgment and moratory interest at the highest rates allowed by law;

j. For an Order awarding Plaintiff Brotherton a service award as permitted by law;

k. For an Order compelling the accounting of the books and records of Consolidated, at Consolidated's own expense;

l. For an Order providing for injunctive relief prohibiting Consolidated from engaging in future violations of the FLSA and the Colorado Acts, and requiring Consolidated to comply with such laws going forward; and

m. For an Order granting such other and further relief as may be necessary and appropriate.

n. Plaintiff demands a trial by jury as to all issues so triable.

Date: September 11, 2017               Respectfully submitted,

**THE LAW OFFICES OF BRIAN D. GONZALES, PLLC**

By:   /s/ *Brian D. Gonzales*
**Brian D. Gonzales**
242 Linden Street
Fort Collins, Colorado 80524
Telephone: (970) 214-0562
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com

**ANDERSON2X, PLLC**

By:   /s/ *Clif Alexander*
**Clif Alexander** (*Pro Hac Vice Anticipated*)
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorney in Charge for Plaintiff and Putative Class Members**

## DOCUMENT PRESERVATION INSTRUCTIONS

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" *Id.* at Standard 29.

Various kinds of electronic data will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendant's decision to classify workers as independent contractors;

- Emails and other electronic and hard-copy documents pertaining to Defendant's reliance on Department of Labor authority when deciding to classify workers as independent contractors;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the Department of Labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendant's employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendant's employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendant's compliance with the Fair Labor Standards Act and/or relevant state laws; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees of SST Energy.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendant perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendant perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendant take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.